IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES EDWARD BROWN, #204318, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| LEE PADGETT, et al., | ) ) |
| Defendants. | ) |

CASE NO. 1:19-CV-682-ECM-KFP
[WO]

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Charles Brown filed this 42 U.S.C. § 1983 action on September 17, 2019. On September 18, 2019, the Court entered an Order of Procedure. Doc. 4. The Order directed Defendants to file an Answer and Written Report and also directed Plaintiff that he must immediately inform the Court of any new address and that failure to do so within 10 days following any change of address would result in the dismissal of this action. Doc. 4. The docket reflects that Plaintiff received the September 18 Order.

The undersigned recently ascertained that Plaintiff is no longer at the last service address on record with the Court.[1] Accordingly, on January 20, 2022, the undersigned entered an Order requiring that, by February 3, 2022, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure to comply with orders of the Court and to adequately prosecute this action. Doc. 22. That Order specifically

---

[1] The last service address provided by Plaintiff is the Kilby Correctional Facility. Doc. 21. A search of the inmate database maintained by the Alabama Department of Corrections reflects Plaintiff is no longer in custody of the state prison system. *See* http://doc.state.al.us/InmateSearch (last visited February 15, 2022).

informed Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the January 20 Order was returned to the Court on February 11, 2022, marked as undeliverable.

Because of Plaintiff's failure to comply with orders of the Court, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, by **March 14, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of February, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE